IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONICA WELLINGTON,

    Plaintiff,

v.                                              Case No. 13-117 KG/SCY

JP MORGAN CHASE BANK,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendants JP Morgan Chase Bank, N.A. ("Chase") and Mortgage Electronic Registration Systems, Inc. ("MERS") Motion to Dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). *Doc. 19*. Having reviewed Defendants' Motion, and being fully advised, the Court finds that the Motion should be **GRANTED**.

**I.    BACKGROUND**

At issue in this suit is a property located at 2124 Altura Verde Lane in Albuquerque, New Mexico ("the property"). *Doc. 7*, First Amended Complaint (FAC), ¶ 6. Plaintiff entered into the mortgage for the property in February 2007. *Doc. 8* Ex. A. Defendant MERS was the nominee for the original lender Profolio Home Mortgage in that transaction. *Id*. Exs. A, B. Defendant Chase assumed servicing of that debt from Profolio some time prior to August 2007 and MERS remained the nominee and mortgagee. *Id.*

On February 4, 2011, Plaintiff sued Defendant MERS and Chase Home Finance, LLC in the Second Judicial District of New Mexico.[1] She sought cancellation of the mortgage on the

---

[1] The state cause number is D-202-CV-201101386.

property by Defendant MERS on the basis that it had deceived her into conveying the property to it as the nominee, and alleged fraud on behalf of Chase Home Finance because Chase Home Finance illegally represented to her that it was the mortgage holder for the property.  *Doc. 8*, Ex. A.  On September 2, 2011, Plaintiff filed a first amended complaint in that action, with the only apparent change being the amount that she alleged to have paid to Defendant Chase Home Finance.  *Id.* Exs. A, B.

The State District Court granted summary judgment in that action on behalf of both defendants on December 20, 2011.  *Id.* Ex. C.  Plaintiff appealed the judgment.  *Id.* Ex. D. The appellate court affirmed the lower court, finding, among other things, that defendants had submitted credible evidence showing that MERS was a mortgagee and nominee for the property and that defendant Chase Home Finance serviced the mortgage, including properly applying Plaintiff's payments to the debt.  *Id.* Ex. E.  The New Mexico Supreme Court denied Plaintiff's petition for writ of certiorari on July 19, 2012.  *Id.* Ex. F.

Plaintiff then filed the instant action on February 5, 2013, seeking declaratory relief that Defendants had waived any claim to the mortgage on the property by failing to bring a supposedly compulsory counterclaim in the above describe state court action and also alleging Defendant Chase violated the New Mexico Unfair Practices Act.  *Doc. 1*.  Defendants filed their first motion to dismiss on March 5, 2013.  *Doc. 6*.  Plaintiff filed the FAC on March 22, 2013.  *Doc. 17*.  In the FAC, Plaintiff asserts that Defendant Chase intends foreclose on the property based on fraudulent allegations that Plaintiff has defaulted on her mortgage payments.  *Id.* ¶¶ 8-9.  She further claims that Defendant MERS illegally assigned the mortgage from Profolio Home Mortgage Corporation to Defendant Chase.  *Id.* ¶¶ 11-14.  On April 8, 2013, Defendants filed the instant Motion to Dismiss.  *Docs. 19, 20*.  The matter was fully briefed on May 22, 2014.

**II.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the Court can grant relief.  Under this Rule, a motion to dismiss "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976) (citing *Jones v. Hopper*, 410 F.2d 1323 (10th Cir. 1969)).  When ruling on a motion to dismiss, the Court must accept as true well-pleaded factual allegations, but must also consider whether "they plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).  The Court's consideration, therefore, is limited to determining whether the plaintiff's complaint states a legally sufficient claim upon which the Court can grant relief.  *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, the plaintiff must set forth the grounds of his or her entitlement to relief: a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal alterations, citations, and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010).  Dismissal is not appropriate where the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*

at 555 (internal citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The Court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *See Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Nor is the Court required to accept as true legal conclusions that are presented as factual allegations. *See Brooks v. Sauceda*, 85 F. Supp. 2d 1115, 1123 (D. Kan. 2000).

When evaluating the pleadings of a party proceeding pro se, a court must liberally construe them and should hold them to a less stringent standard than would be applied to the pleadings of a represented party. *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). But "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). Further, the " court . . . will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted).

### III. ANALYSIS

Defendants contend that Plaintiff's first cause of action is subject to dismissal on the basis of *res judicata*, because Plaintiff's challenge here, *i.e.*, the validity of the mortgage on the property, is the same as that adjudicated in the 2011 state court action. *Doc. 20* at 6-7. Further,

by dismissing the first cause of action, the Court also may also dismiss the second, Plaintiff's Unfair Practices Act claim, by declining to exercise supplemental jurisdiction. *Id.* at 7. In the alternative, Defendants assert that dismissal also would be appropriate because Plaintiff's arguments with regard to any compulsory counterclaim and waiver, as well as any statutory enforcement bar under NMSA 1978, §53-17-20(A), have no foundation in New Mexico law. *Id.* at 8-13.[2]

Plaintiff contends that because Defendants failed to properly assert a claim to payments on the mortgage through a compulsory counterclaim required by the September 2011 amended complaint in the state court action, they have waived the right to seek payment and/or foreclose on her property now. *Doc. 21* at 3-5. Further, she argues that the requirement under New Mexico law for Defendant MERS to obtain a certificate authority to transfer the interest in the mortgage to Defendant Chase is both valid and binding. *Id.* at 5-7.

### A. Defendants Did Not Fail to Bring a Compulsory Counterclaim

As a preliminary matter, the Court will take judicial notice of the prior state court action and the pleadings and briefing filed therein. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")

The Court understands Plaintiff's argument to be that she is entitled to declaratory judgment here because, by failing to bring a compulsory counterclaim in the state court action asserting their own rights to payment under the mortgage, Defendants in fact waived all claims to the mortgage itself. In other words, in the underlying state court action, the Defendants' defense

---

[2] Defendants also assert a standing argument, although they do so entirely in a footnote. *See doc. 20* at 5 n.3. The essence of Defendants' standing argument is that Plaintiff cannot show an injury-in-fact because Defendant Chase's foreclosure of her property is not imminent. *Id.*

to Plaintiff's declaratory judgment action was that they were, in fact, the true holders of Plaintiff's debt. *Doc. 8* Exs. D at 2-4, E at 2-4. The state court found that they were the true holders of the debt. *Id.* Yet, according to Plaintiff, because they did not also *counterclaim* that they were the true holders of the debt (in addition to asserting their defense of ownership), that they have relinquished any right to the payments on the debt to which the state court *already found their claims to be valid*. Therefore, Plaintiff gets to have her mortgage cancelled, having not paid it since March 2011. The problems with this argument, the Court hopes, are evident.

Plaintiff repeatedly asserts that *Adams v. Key*, 193 P.3d 599 (N.M. Ct. App. 2008), supports her position. It does not. In *Adams*, the original plaintiff sued the original defendant for declaratory relief as to certain assets in a business partnership. Unlike the present action, the defendant there did not assert a defense of ownership. Instead, he failed to appear and the plaintiff was granted default judgment. *Id.* at 601. The defendant then brought his own complaint seeking adjudication of related business assets under the same partnership agreement. *Id.* at 603. The appellate court held that defendant's claims were actually compulsory counterclaims to the first action and found them to be waived in the subsequent one. *Id.* at 604. In so finding, the court cited with approval *Slide-a-Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces*, where the New Mexico Supreme Court explained that the purpose of the compulsory counterclaim rule is "to achieve resolution in a single lawsuit of all disputes arising out of common matters" and that the rule is "particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." 733 P.2d 1316, 1318 (1987).

To apply the compulsory counterclaim rule in the way Plaintiff suggests here does not in any way further the goal articulated in *Slide-a-Ride*. In the state court action Plaintiff sought

cancellation of the mortgage on the basis of fraud by Defendants.  The only issue before the state court was the validity of Defendants' claim that they held and serviced the mortgage.  Within that limited scope, it was not at all necessary for Defendants to counterclaim that they were entitled to collect payments on the mortgage (in other words, that they had a valid claim to the mortgage).  So any suggestion that Defendants' failure to raise the validity of their rights to the mortgage as a counterclaim waives the state court's adjudication of *that very issue* is wholly without merit.  Consequently, Plaintiff's argument with respect to the compulsory counterclaim fails.

**B.     Plaintiff's First Cause of Action is barred by the Doctrine of Res Judicata**

Turning to the doctrine of *res judicata*, the United States Congress, through the Full Faith and Credit statute, 28 U.S.C. § 1738, requires federal courts to give the same preclusive effect to a state court judgment that the judgment would be given in the courts of the state in which it was rendered.  *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982)*; Northern Natural Gas Co. v. Grounds*, 931 F.2d 678, 682 (10th Cir. 1991).  A district court applying the doctrine of *res judicata* to a state court decision must look to the laws of that state to determine the required elements for either doctrine to preclude a claim or issue brought in federal court.  *See Reed v. McKune*, 298 F.3d 946, 949 (10th Cir. 2002).  Under New Mexico law, *res judicata* requires identity of the first and second lawsuits as to " '(1) parties or privies, (2) capacity or character of persons for or against whom the claim is made, (3) cause of action, and (4) subject matter.' " *Kepler v. Slade*, 896 P.2d 482, 484 (1995) (*quoting Silva v. Stat*e, 745 P.2d 380, 382 (1987)).  In order to determine whether a claim in a second suit is precluded under *res judicata* by a prior suit, New Mexico State courts will look to: "(i) the relatedness of the facts in time, space origin, or motivation; (ii) whether, taken together, the facts form a convenient unit for trial

purposes; and (iii) whether the treatment of the facts as a single unit conforms to the parties' expectations or business understanding or usage." *Hartnett v. Papa John's Pizza USA, Inc.*, 828 F.Supp.2d 1278, 1285–86 (D.N.M. 2011). Claim preclusion bars both claims that were, and could have been, brought in an earlier proceeding. *Three Rivers Land Co. Inc. v. Maddoux*, 652 P.2d 240, 245 (1982), *overruled on other grounds by*, *Universal Life Church v. Coxon*, 728 P.2d 467 (1986).

As discussed above, Plaintiff's sole argument against the application of this doctrine, waiver by failure to bring a compulsory counterclaim, is unavailing. Applying the test articulated in *Kepler* to the instant action, the Court finds that the parties in this action and the underlying state action are the same. *Doc. 8* Ex. B at 1-2; *doc. 17* ¶¶ 4,5. The Court further finds that in the preceding state action and in the instant federal action, the Plaintiff is acting in her capacity as mortgagor and the Defendants are acting in their capacities as mortgagee and servicer of the mortgage at issue. *Id.* The Court also finds that the causes of action and subject matter are the same: Plaintiff alleges in both actions that Defendants have no claim to the mortgage on the property at issue on the basis of fraud. See *Doc. 8* Ex. B at 1-6; *doc. 17* ¶ 14 ("Plaintiff seeks a declaration that neither defendant[s] . . . has any right to bring an action against plaintiff concerning any of their alleged claims in any mortgage against the above property or any note relating to it.") Therefore, the Court will grant Defendants' Motion to Dismiss as to Plaintiff's First Cause of Action for Declaratory Judgment on the basis that it is precluded by the underlying state court action.

    C.    **The Court Declines to Exercise Jurisdiction Over Plaintiff's Remaining Cause of Action**

Count II of Plaintiff's Complaint is for violation of the New Mexico Unfair Practices Act, NMSA 1978 § 57-12-1, *et seq*. (2000 Repl. Pamp) *Doc. 17*, ¶¶ 15-17. This claim is not based on

federal law nor does the record reflect any basis for diversity jurisdiction.  Consequently, the only avenue for this claim to federal court would require an exercise of the Court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367.  Upon dismissal of Plaintiff's federal claim, this Court must decide whether or not it will adjudicate any remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").  When all federal claims have been dismissed from a case, supplemental state claims will ordinarily be dismissed without prejudice.  *Roe v. Cheyenne Mountain Conference Resort*, 124 F.3d 1221, 1237 (10th Cir. 1997).  Because this Court has decided it will dismiss the claim over which it has original jurisdiction and sees no reason to depart from the ordinary rule, it declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim and, as a result, dismisses it without prejudice.

**IV.    CONCLUSION**

For the forgoing reasons, the Court finds that Plaintiff's first cause of action is dismissed WITH PREJUDICE on the basis of *res judicata*.  Plaintiff's second cause of action is dismissed WITHOUT PREJUDICE for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE